**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| In re:<br>  Shannon Marie Correa,<br>                Debtor. | Case No. 19-50209-FJS<br>Chapter 7 |

**MOTION TO REOPEN CASE AND TO ORDER**
**APPOINTMENT OF TRUSTEE**

John P. Fitzgerald, III, the Acting United States Trustee for Region Four, by counsel, moves this Court to reopen this case and to order the appointment of a trustee, and in support of the Motion states:

1. This case was filed as a voluntary chapter 7 on February 15, 2019. The debtor received a discharge on May 29, 2019.

2. David R. Ruby was appointed trustee. Ruby filed a Trustee's Report of No Distribution on April 23, 2019; the case was closed on June 3, 2019.

3. The former trustee recently contacted the U.S. Trustee advising that he had been contacted by an attorney who represents the debtor with regard to a product liability claim against a product manufacturer for physical injuries the debtor suffered as a result of an alleged product defect. The attorney advised that the "total gross award" is $34,583.524.

4. On information and belief, the debtor signed a contract with two law firms[1] for representation for the product liability claim on November 8, 2018.

---

[1] It appears that the debtor is represented by two law firms. The former trustee was advised that the debtor's case was part of a tolling agreement.
Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

5. One court's summary of the law of the law delineating what constitutes property of the estate is apt:

> Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The question of what constitutes property of the estate is a question of federal law." *Terry v. Evans* (*In re Evans*), 527 B.R. 228, 234 (Bankr. E.D. Va. 2015). "It includes both real and personal property interests of the Debtor. It includes all tangible and intangible interests in property and all causes of action. It applies to all property in the Debtor's possession as well as property held by third parties. It covers property wherever located. Section 541 of the Bankruptcy Code is intended to bring 'anything of value that ... debtor have in the estate.' H.R. Rep. 95–595, at 176 (1977)." *Id.*

*In re Townside Constr., Inc.*, 582 B.R. 407, 413 (Bankr. W.D. Va. 2018)(lender liability claims against lender with which debtor had a long pre-petition relationship were sufficiently rooted in pre-bankruptcy past as to be estate assets).

Although *Segal v. Rochelle*, 382 U.S. 375 (1966) was decided under the Bankruptcy Act, the "sufficiently rooted" test espoused by the *Segal* Court remains good authority. *See generally* Lawrence Ponoroff, *Neither 'Twixt Nor 'Tween: Emerging Property Interests in Bankruptcy*, 61 Ariz. L. Rev. 101, 115 (2019). In *Segal*, the Court considered whether loss-carryback tax refunds should be included in the debtors' estate under the precursor to section 514 of the Bankruptcy Code. The refunds were derived from losses the debtors incurred before filing bankruptcy. The Supreme Court held that the refunds were properly included in the debtors' estate because they were "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start." *Segal*, 382 U.S. at 380. *And see In re Sheikhzadeh*, 2018 WL 3197752 at 4 (Bankr. E.D. Va. June 26, 2018)(Fourth Circuit has adopted the test espoused by *Segal v. Rochelle*, 382 U.S. 375 (1966)).

6.  It appears that the debtor's product liability claim and the subsequent settlement--which are rooted in the debtor's pre-bankruptcy past--constitute property of the estate.[2]

7.  The cause of action was not listed in the debtor's bankruptcy papers.

8.  The property was neither administered, nor abandoned. *See* 11 U.S.C.A. §§ 541(a)(1), 554(c).

9.  Pursuant to Section 350(b) "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a case is within the bankruptcy court's discretion. *In re Plumlee*, 236 B.R. 606, 610 (E.D. Va. 1999). "Courts 'have been rather liberal in permitting reopening.'" *Id.* quoting *In re Reid*, 198 F.Supp. 689, 693 (W.D.Va.1961), *aff'd sub nom. Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962).

10. It would be in the best interests of creditors to reopen this case and to order the appointment of a trustee to investigate the property of the estate and administer it as appropriate.

---

[2] Under Virginia Law, which appears applicable, causes of action for products liability, premised on implants, are usually deemed to accrue on the date of implant. *See Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698 (W.D. Va. 1998)(construing Virginia Code Section 8.01–243(A))( that cause of action for injuries resulting from implantation of spinal fixation device accrued under Virginia law at the time of implantation). Virginia Code § 8.01-249(9) provides an exception for product liability actions against non-healthcare providers, providing that such actions accrue when the person knew or should have known of the injury and its causal connection to the device. Such amendment was approved on March 1, 2016. *See generally In re FELA Asbestos Cases*, 646 F. Supp. 610, 612 (W.D. Va. 1985). However, the accrual issue under state law does not appear determinative in answering whether the settlement is property of the estate. *See In re Carroll*, 586 B.R. 775, 790 (Bankr. E.D. Cal. 2018)(finding that products liability claims had "germinated, sprouted, grew, blossomed, and became anchored prepetition" and were therefore part of the bankruptcy estate even though, under California's discovery rule, the claims had not accrued for purposes of the statute of limitations until the post-petition period). In any event, it seems likely that the debtor knew or should have known of her injury and its causal connection to the product, before the commencement of the case: she had retained counsel to represent her for the injuries before filing.

WHEREFORE the U.S. Trustee respectfully requests that this Court reopen this case, order the appointment of a trustee herein, and for such other and further relief as the Court deems necessary and just.

Respectfully submitted,

John P. Fitzgerald, III
Acting United States Trustee for Region Four

/s/ Cecelia Ann Weschler
Kenneth N. Whitehurst, III
Assistant U.S. Trustee

Cecelia Ann Weschler
Trial Attorney

**CERTIFICATE OF SERVICE**

On May 11, 2022, service of the Motion to Reopen Case and to Order Appointment of Trustee, on all attorney Users in the case, was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.  On May 11, 2022, I mailed a copy of Motion to Reopen Case and to Order Appointment of Trustee to the debtor, via regular United States mail, first class, postage prepaid:

Shannon Marie Correa
159 Delmar Lane, #A
Newport News, VA 23602

/s/ Cecelia A. Weschler